

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00237-CR

ARTURO LOPEZ,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the County Court
Ellis County, Texas
Trial Court No. 2310317 CR

## MEMORANDUM OPINION

After a jury trial, Appellant, Arturo Lopez, was convicted of the offense of criminal trespass and sentenced to 180 days in the Ellis County Jail. *See* TEX. PENAL CODE ANN. §§ 30.05(a), (d)(1). On appeal, Appellant raises issues regarding the sufficiency of the evidence, the trial court's admission of extraneous-offense evidence, and the trial court's denial of his motion for mistrial. We affirm.

## Background

Appellant and Azucena Lopez are siblings. Azucena testified that their mother, Elizsar Lopez, owned approximately 18 acres of property. At some point, these 18 acres were given two separate property I.D.'s with two separate addresses. One section of the property was identified as 2616 Wilson Road, which included a brick residence and consisted of approximately one acre of the property. The remaining section of the property was identified as 2588 Wilson Road, which was used as farm land. When Elizsar owned the property, she gave Appellant permission to live in a mobile home at 2588 Wilson Road. The bank repossessed the mobile home on March 26, 2021. Appellant then began living in a shed at the 2588 Wilson Road address. This shed was described as uninhabitable, with no running water, no electricity, and water damage.

Azucena testified that Elizsar transferred the entire 18-acre property to her on March 30, 2021, just a few days after the mobile home was repossessed. The deed transferring the property from Elizsar to Azucena was admitted into evidence at trial. Azucena moved into the residence at 2616 Wilson Road with her spouse and two step-children. She testified that she never gave Appellant permission to live in the shed at 2588 Wilson Road and eventually initiated eviction proceedings to force him to leave. In June or July of 2021, after posting an eviction notice on the shed door and attending a hearing at which Appellant did not appear, the court granted the eviction. However, Appellant was not physically removed from the property because he went to Mexico.

On July 29, 2021, law enforcement officers issued a written criminal trespass warning to Appellant for the 2616 Wilson Road address. On that occasion, Appellant had run an extension cord from the residence at 2616 Wilson Road to pull electricity from the residence to the shed. On June 19, 2022, Appellant was arrested for criminally trespassing again at the 2616 Wilson Road address. On that occasion, Appellant jumped the fence surrounding the 2616 Wilson Road property and took water from a spigot at the residence.[1] After this incident, Azucena combined 2588 Wilson Road and 2616 Wilson Road into one property I.D. so that both sections of the property would be identified as 2616 Wilson Road.

The instant offense occurred on December 15, 2022. At about nine p.m., Azucena saw a flashlight beam in the shed on the former 2588 Wilson Road portion of the property and called the police. When law enforcement officers arrived, they found Appellant inside of the shed. Appellant was arrested for criminal trespass after explaining that he had been living in the shed, without Azucena's permission, since he was released from jail approximately 8 days earlier.

---

[1] We affirmed Appellant's conviction for this offense on June 7, 2023 in *Lopez v. State*, No. 10-22-00373-CR, 2023 Tex. App. LEXIS 3885, 2023 WL 3868777 (Tex. App.—Waco June 7, 2023, no pet.) (mem. op.).

**Insufficient Evidence**

In his first issue, Appellant argues that the State failed to present sufficient evidence that on December 15, 2022, he (1) entered or remained on "the property of another" and (2) had adequate notice that entry was forbidden. We disagree.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the

incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

DISCUSSION

A person commits the offense of criminal trespass if "the person enters or remains on or in property of another…without effective consent and the person…had notice that the entry was forbidden." *See* TEX. PENAL CODE ANN. § 30.05(a)(1). The information in this case alleged that on or about December 15, 2022, Appellant "did then and there intentionally and knowingly enter property of another, namely Azucena Lopez, hereafter styled the complainant, without the effective consent of the complainant, and [Appellant] had notice that the entry was forbidden."

Property "of Another"

The Texas Penal Code defines "another" as a person "other than the actor." *See id.* at § 1.07(a)(5). Appellant asserts that the evidence was insufficient to establish that he

entered the property "of another" because the State failed to negate his claim of right to access the property as a tenant who was purportedly not properly evicted.[2]

The Texas Penal Code does not define "tenant." However, according to the Texas Property Code, a "tenant" of residential real property is, in relevant part, "a person who is authorized by a lease to occupy a dwelling to the exclusion of others." TEX. PROP. CODE ANN. § 92.001(6). In addressing an appellant's tenancy argument in a criminal trespass case, the Austin Court of Appeals summarized tenancy caselaw by stating, "it appears that a tenancy creating an estate in real property requires an express written or oral lease-contract or a lease-contract implied from the circumstances and acts of the parties showing an intent to become landlord and tenant." *See Tossow v. State*, No. 03-02-00308-CR, 2003 Tex. App. LEXIS 1910, 2003 WL 738331, at *8-9 (Tex. App.—Austin Mar. 6, 2003, no pet.) (mem. op.).

The evidence was sufficient for the jury to conclude that Appellant did not have a right to access the property as a tenant or otherwise. At trial, the jury heard evidence that when Elizsar owned the property, she allowed Appellant to live in a mobile home on the section of the property then-identified as 2588 Wilson Road. This mobile home was not owned by Appellant or Elizsar; rather, it was owned by an unidentified sibling. When that sibling failed to make payments on the mobile home, it was repossessed by the bank.

---

[2] At trial, Appellant challenged the legitimacy of Azucena's ownership of the property. He does not do so on appeal.

We have found no evidence in the record that Appellant was authorized by Elizsar to occupy the shed or any other structure at the 2588 Wilson Road address after the mobile home was repossessed. Shortly after the mobile home was removed, Elizsar deeded the entire 18-acre property to Azucena. It is undisputed that Azucena never gave Appellant permission to occupy the shed or any other structure on the property at the 2588 Wilson Road address. Additionally, a body camera video from the night of the offense was admitted without objection and played for the jury. Appellant admitted on video that he was staying in the shed without Azucena's permission. However, because of his belief that Azucena acquired the property through familial and governmental corruption, Appellant indicated that he would continue to return to the property despite knowing he would continue to be arrested for trespassing.[3]

The jury heard the conflicting evidence regarding Appellant's right to access the property, and we presume the jury resolved the conflict in favor of the verdict. We find that the evidence was sufficient for the jury to reasonably conclude that Appellant had no legal right to enter the property and that he entered the property "of another" as contemplated by statute. *See* TEX. PENAL CODE ANN. § 30.05.

---

[3] The jury also heard testimony that Azucena obtained a judgment granting her petition to evict Appellant from the property, and Appellant indicated on video that he was aware of the eviction proceedings. *See* TEX. PROP. CODE ANN. Title 8. We need not address Appellant's argument regarding the adequacy of the eviction because we find the evidence was sufficient for the jury to conclude Appellant had no legal right to access the property.

Notice of Forbidden Entry

Appellant argues that there was insufficient evidence to prove that he received notice that entry onto the property was forbidden. His argument is based on the written criminal trespass warning issued for the 2616 Wilson Road address before it was combined with the 2588 Wilson Road address. He claims that because the written criminal trespass warning did not apply to 2588 Wilson Road when it was issued, no reasonable juror could conclude that he had notice that entry onto that portion of the property was forbidden.

However, "notice" for purposes of criminal trespass does not require a formally-issued criminal trespass warning by law enforcement. Notice can include oral or written communication by the owner or someone with apparent authority to act for the owner. *See id.* at § 30.05(b)(2)(A). Azucena testified that she told Appellant that he needed to leave the property – including the shed in which he was located – three or four times before this incident. She also testified that she provided written notice to Appellant that he was forbidden from entering the property by posting an eviction notice on the door of the shed. Appellant indicated on video that he was aware of the eviction proceedings. Further, testimony established that the entire property was fenced, which serves as another statutorily acceptable form of notice that entry is forbidden. *See id*. at § 30.05(b)(2)(B). On video, Appellant explained to law enforcement officers that he considered the two addresses "all the same land." He admitted to law enforcement

officers that he was choosing to enter the property despite his awareness that Azucena did not want him there because he was trying to prove a point. We conclude that there was sufficient evidence for a jury to determine that Appellant had notice that entry onto the property was forbidden.

Accordingly, we overrule Appellant's first issue.

## Extraneous Evidence

In his second issue, Appellant asserts that the trial court abused its discretion by admitting extraneous-offense evidence regarding Appellant's arrest for criminal trespass at the 2616 Wilson Road address on June 19, 2022, before the two addresses were combined into the single address of 2616 Wilson Road. We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show action in conformity therewith. *See* TEX. R. EVID. 404(b). If extraneous-offense evidence has relevance apart from character conformity, it is admissible if the proponent persuades the trial court that it tends to establish some elemental or evidentiary fact, or

that it rebuts a defensive theory. *Santellan v. State*, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997).

DISCUSSION

The trial court did not abuse its discretion by admitting the extraneous-offense evidence because it was relevant for non-propensity purposes. The State was required to prove in this case that Appellant had notice that his entry onto the property was forbidden. At the time of the instant offense, both the 2588 Wilson Road address and 2616 Wilson Road address had been combined under one property I.D., and the entire 18-acres of property was identified as 2616 Wilson Road. One of Appellant's defensive theories at trial was that his written notice not to enter the former, one-acre 2616 Wilson Road address could not be imputed to him as notice not to enter the former 2588 Wilson Road portion of the property because the addresses were still separate when the written trespass warning was issued. However, Appellant's arrest for the criminal trespass offense at the former one-acre 2616 Wilson Road address on June 19, 2022, in conjunction with Appellant's verbal indication on video that he considered the two addresses as "all the same land," tended to prove that Appellant had notice he was prohibited from entering the portion of property where he was found by law enforcement in the instant case. *See* TEX. R. EVID. 401.

Further, "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of

ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Here, Azucena was the State's first witness at trial. She testified, without objection from defense counsel as to the relevance of the extraneous offense, that Appellant was arrested in June of 2022 because he returned to her property after he had been issued a criminal trespass warning by law enforcement. Defense counsel also cross-examined her about the extraneous incident. Using photographs of the property, Appellant's counsel asked Azucena to identify the location of the spigot from which Appellant took water and pinpoint where he was jumping the fence to enter the 2616 Wilson Road property. Appellant's trial counsel did not object to the relevance of the extraneous offense until Deputy Hightower – an officer who responded to the scene of the extraneous offense – testified about it as the State's third witness at trial. Any error in admitting Deputy Hightower's testimony about the extraneous offense was cured because the same evidence was admitted elsewhere without objection. *See Leday*, 983 S.W.2d at 718.

Accordingly, Appellant's second issue is overruled.

## Denial of Motion for Mistrial

In his third issue, Appellant claims that the trial court abused its discretion by denying his motion for mistrial after the State elicited testimony that he threatened Azucena and her family. We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). A mistrial is an extreme remedy that is appropriate when improper conduct is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). In reviewing a trial court's denial of a motion for mistrial, "[a]n appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We have previously explained:

> [T]he appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998), a harm analysis case. *See Hawkins* [*v. State*], 135 S.W.3d [72,] 77 [(Tex. Crim. App. 2004)]. The *Mosley* factors that we consider in determining whether the trial court abused its discretion in denying a mistrial . . . are: (1) the prejudicial effect, (2) curative measures, and (3) the certainty of conviction absent the misconduct. [*See id.*;] *Mosley*, 983 S.W.2d at 259.

*Watson v. State*, No. 10-14-00359-CR, 2016 Tex. App. LEXIS 6580, 2016 WL 3452777, at *6 (Tex. App.—Waco June 22, 2016, no pet.) (mem. op., not designated for publication) (quoting *Abbott v. State*, 196 S.W.3d 334, 347 (Tex. App.—Waco 2006, pet ref'd)). Further, instructions to the jury are generally considered sufficient to cure improprieties that occur during trial, and we generally presume that a jury will follow the trial court's instructions. *See Gamboa*, 296 S.W.3d at 580.

The State questioned Azucena about why Appellant's presence on her property concerned her. Azucena described how Appellant would become verbally aggressive toward her and how Appellant had stolen things from other family members when they lived on the property. The following complained-of line of questioning occurred:

> [The State]: Okay. Does that have you concerned about him being on the property when you're there?
> [Azucena]: Yes.
> [The State]: Okay. Has he ever made any threats to your wife or your children?
> [Azucena]: Yes.
> [The State]: And what were those threats?
> [Azucena]: I'm going to kill you. I'm going to get someone to rape you.

Appellant's trial counsel objected that the State had not provided notice of these extraneous acts. The trial court sustained the objection and, at defense counsel's request, instructed the jury to disregard the testimony. Appellant's trial counsel also moved for a mistrial, which the trial court denied. Appellant argues that this evidence was so inflammatory that a mistrial was the only appropriate remedy to cure the improper conduct.

Considering the *Mosely* factors, the complained-of question and answer were not so extreme that any prejudice could not be cured by the trial court's instruction to disregard the testimony. Evidence supporting the conviction was strong, including Appellant's statements on video indicating his awareness that he was prohibited from entering the property but planned to continually return to it, despite knowing he would be arrested. Further, we presume that the jury followed the trial court's instruction to

"disregard that answer and just focus on the allegations made in this case[,]" and no evidence was presented to rebut this presumption. Accordingly, the trial court did not abuse its discretion in denying Appellant's motion for mistrial. Appellant's third issue is overruled.

## Conclusion

Having overruled all of Appellant's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed August 8, 2024
[CR25]

